## Case No. 2,929a.

### COCKE v. HENSON et al.

[Hempst. 187.][1]

Superior Court, D. Arkansas. July, 1832.

STAYING PROCEEDINGS FOR NONPAYMENT OF COSTS.

1. It is within the discretionary power of a court to stay proceedings in a second suit until the costs of the first are paid.

2. The rule, if granted at all, is always on the ground of vexation.

[At law. Action by John H. Cocke, assignee of Charles Fisher, against James W. Henson, Benjamin Johnson, and Ambrose H. Sevier.]

Motion to stay proceedings. Before ESKRIDGE and CROSS, Judges.

CROSS, Judge. In this case a motion is made for a rule to stay proceedings until the costs of a former suit for the same cause of action be paid. It appears that some two or three years ago the plaintiff brought suit on the instrument which forms the basis of the present action, and prosecuted the same against the defendants until the last term of this court, when he applied for and obtained leave to suffer a non-suit. Judgment was thereupon rendered against him, in favor of the defendants, for their costs. At the time of this proceeding, the pleadings had been made up, and the defendants had taken depositions to be used on the trial. The writ in the present suit has been sued out since the last term of this court. The motion involves a question of practice, in which there has been no former adjudication in the courts of this territory, of which we have any knowledge, and we have therefore taken something more than ordinary pains to investigate the subject.

Although questions of this kind have never, heretofore, been raised in the courts of this country, they have been of frequent recurrence in the courts of many of the states. There they have been regarded as an appeal to the discretion of the court; and such we consider the present motion. The exercise of discretionary power by judicial tribunals is not only essential to the ends of justice, but to their existence. Without it, the very object of their creation would in some degree be thwarted. When resorted to,

[1] [Reported by Samuel H. Hempstead, Esq.]

however, it should be exercised with great caution, and in such a manner as is best calculated to promote the object of its existence. It has been urged that, although courts necessarily possess discretionary power in many cases, the rule asked for in the present motion is not embraced, and that, in the absence of statutory provision and the sanction of common law, the motion must fail. If the state of facts presented in the case before the court be such as to justify the exercise of the power, we can perceive no objection to its exercise. We have been unable to find any positive prohibitory enactment on the subject; nor have we found anything in our statutes restrictive by inference. In the court of king's bench, in England, the power is constantly exercised. In New York, the supreme court has recognized its existence in a case similar in principle to the one before us. So in Pennsylvania, Massachusetts, and, as is believed, in Tennessee. Such rules have, however, always been refused in the English courts, when the body is in custody for the costs for the prior suit. No delay in suing out execution, that we can find, has ever been allowed to have any influence in granting such rules. The rule, if granted at all, is always allowed upon the ground of vexation. 1 Tidd, Pr. 480. In the case before the court, the plaintiff prosecuted a former suit for the same cause of action for upwards of two years, and when the defendants had prepared their pleadings, and had been at the trouble of summoning witnesses and taking depositions to be used on the trial, and preparing themselves fully for trial, the plaintiff voluntarily, and without any apparent reason for doing so, asked for and obtained a dismissal of his suit, and a few weeks thereafter brought suit in the same court for the same cause of action against the same individuals. Whatever may have been the reasons by which he was influenced to pursue this course, we cannot but presume that justice might have been as well obtained in the first as the present action. The defendants are now driven to the alternative of submitting to his claim, or travelling over the same ground again, in defending against the second suit. Should the plaintiff choose to do so at any subsequent stage of the present suit, he may again suffer a nonsuit and proceed anew against the defendants, and they again be compelled to submit to the claim or defend against it.

In the mean time heavy bills of costs might, and would, doubtless, accumulate, if he were allowed to progress without their payment, and, in this state of things, insolvency or elopement might close the scene of vexation. Although such, we apprehend, would not be the case in the present instance, as the plaintiff is said to be abundantly able to meet any demands against him, yet in others it might be so. The principle is the same, regardless of the condition of parties, and we are therefore conclusively of the opinion that the question embraced by the defendants' motion is within the scope of the discretionary power of this court, and that the facts of this case fully justify its exercise. Rule ordered accordingly.